UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL J. McKENZIE-HALL, | ) | CASE NO.:  1:25-CV-1369 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| PRESIDENT BARACK OBAMA, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff April J. McKenzie-Hall filed this civil rights action against President

Barack Obama.  (Doc. 1).  Plaintiff also filed an application to proceed *in forma pauperis*.  (Doc.

2).  That application is GRANTED.  For the reasons stated herein, this action is DISMISSED.

I.      **BACKGROUND**

Plaintiff's complaint contains disjointed and obscure allegations.  (*See* Doc. 1; Doc. 1-1.)

Her basis for federal jurisdiction is "I had fetal abductions due to military borrowing a Trust

Fund that was illegally transferred from my husband Jamie Hall's name to Christine Nichols."

(Doc. 1 at 3).  In the statement of her claim, Plaintiff asserts that while President Obama and

Vice President Biden were in office, she received two social workers' names, Michelle and Jill,

and she was "set up and lied [to]" and was told she was a schizophrenic.  (*Id.* at 4.)  Plaintiff

claims her children were "fetal abducted" and "the military shut down [the] hospital . . . where

the proof was, my cervix was opened.  Military ask[ed] me to write Obama for help with Trust,

fetal abductions, etc." (*Id.*)

Plaintiff's complaint includes the following statements: Mr. and Mrs. Obama did not

want to give me my Trust Fund and they became a threat to me; Security wants to use my

granddaughter to help bless everyone that don't care if my people and I are relieved from this horrific life; our people and my husband are being bullied by the Illuminati, LA gangs, and mobsters; $900 million was fraudulently and illegally taken from an account; the military asked me to do an investigation about the Twin Towers falling; and my son had a baby and wanted to name his baby Malia like Obama's daughter . . . but I asked them not to . . . because I believe they [were] going to try to change my Trust Fund to her name and [begin] stealing money making it appear as if money from my money was going to Malia Obama and evil organizations grab it like they done with the 1 billion dollars that was stolen . . . ."  (*Id.* at 6; Doc. 1-1 at 7-11.)

In terms of relief, Plaintiff asks "all" to "enforce the law with Barack Obama to help me and then charge me as a normal attorney would . . . [H]e can help change the Trust Fund to me . . . Help establish another Trust Fund with military and famous people by contacting Ohio Promise and Governor Mike DeWine for Peace."  (Doc. 1 at 4.)  Plaintiff also asks for the return of money into her account/trust.  (*Id.*)

## II.    LAW AND ANALYSIS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff is not required to include detailed factual allegations, but he or she must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (citations omitted).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendant fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)); *see also Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard.  Her complaint fails to contain any viable federal civil claims within the jurisdiction of this Court or cite to any recognized legal authority.  Nor does the complaint include a proper request for relief.  And the factual allegations rise to the level of wholly incredible and irrational.  Plaintiff therefore fails to meet the minimum pleading requirements of Rule 8, and her complaint must be dismissed.

## III.    CONCLUSION

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED, and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


**IT IS SO ORDERED.**


Date:    September 9, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE